ANTHONY MARINI, PLAINTIFF-APPELLANT, v. WILLIAM HOLSTER AND THE CITY OF CLIFTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 6, 1965—Decided April 4, 1966.

Before Judges Goldmann, Foley and Collester.

Mr. *Jeremiah D. O'Dwyer* argued the cause for appellant (*Messrs. Dughi, Johnstone & O'Dwyer,* attorneys).

Mr. *Oscar R. Wilensky* argued the cause for respondent William Holster (*Messrs. Greenburg, Wilensky & Feinberg,* attorneys).

Mr. *Frank A. Carlet* argued the cause for respondent City of Clifton (*Mr. Sam Monchak,* City Counsel, attorney).

The opinion of the court was delivered by

FOLEY, J. A. D. Plaintiff appeals from a summary judgment entered in the Law Division in favor of defendant, dismissing the complaint. The trial court's opinion is published at 87 *N. J. Super.* 329 (*Law Div.* 1965).

Plaintiff challenges defendant's right to hold, simultaneously, the offices of city manager, city engineer and director of public works of the City of Clifton. He contends that the common law doctrine of incompatibility of offices applies; that defendant holds incompatible offices and should be required to elect to retain one and relinquish the other two or, alternatively, the court should vacate two positions. He argues that the trial court erred in holding that the offices of city engineer and director of public works merged into the office of city manager when defendant was appointed to the latter, so as to render the doctrine of incompatibility of offices inapplicable. The main thrust of plaintiff's argument is that defendant as city manager has the sole power of appointment, removal, supervision and disciplinary action over his two lesser offices of city engineer and director of public works and that, therefore, the duties of such offices are incompatible.

The classic definition of the doctrine can be found in *State ex rel. Clawson v. Thompson,* 20 *N. J. L.* 689, 690 (*Sup. Ct.* 1846), where it was said that offices are incompatible when they cannot be executed by the same person, or when they cannot be executed with care, and ability; or where one is subordinate to or interferes with another. Our Supreme Court has often reaffirmed this doctrine. In *Reilly v. Ozzard,* 33 *N. J.* 529 (1960), Chief Justice Weintraub wrote:

"Incompatibility is usually understood to mean a conflict or inconsistency in the functions of an office. It is found where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another." (at *p.* 543)

Despite the continuing vigor of the doctrine in New Jersey, our cases have acknowledged that where the lawmakers ordain that one person may or may not hold two public offices, the judiciary cannot interfere. *Schear v. City of Elizabeth,* 41 *N. J.* 321, 325 (1964); *Ahto v. Weaver,* 39 *N. J.* 418, 423 (1963). The issue thus presented is whether the offices held by defendant are incompatible under the common law doctrine or whether such offices may be held simultaneously under the Municipal Manager Act, *N. J. S. A.* 40:79–1 *et seq.,* which Clifton adopted in 1934, and under the facts of this case.

*N. J. S. A.* 40:82–1, one of the pertinent provisions of the Municipal Manager Act, requires the municipal council to appoint a municipal manager "at such salary and *under such conditions* as the municipal council by a majority vote may decide." (Emphasis added) *N. J. S. A.* 40:82–4, discussing the various duties of the municipal manager, provides in paragraph (j) that he shall "[p]erform such other duties as may be required of the municipal manager by ordinance or resolution of the municipal council." *N. J. S. A.* 40:82–4 then concludes by stating: "The municipal manager shall in all matters act under the supervision and subject to the approval of the municipal council."

A proper resolution of the legal issue requires an understanding of the circumstances surrounding the defendant's appointment as city manager. On March 4, 1946 the incumbent city manager appointed defendant to the salaried position of assistant city engineer. On December 18, 1951 defendant was appointed by the acting city manager, Fitzgerald, to the unsalaried post of director of public works. On February 1, 1955 Fitzgerald, who had been city engineer before he was chosen to be city manager and continued to hold both offices for three years until he achieved tenure as city manager, resigned as city engineer. In his capacity as city manager Fitzgerald appointed defendant to fill the office of city engineer which he had just vacated. When Fitzgerald was granted a terminal leave of absence on December 29, 1956 until the effective date

of his retirement, March 1, 1957, the city council named defendant acting city manager in Fitzgerald's absence. As of March 1, 1957 the city council gave him full status as city manager. Thus, defendant has served in all three offices from December 29, 1956 to the present.

It is uncontradicted that the city council appointed defendant city manager upon the understanding that he was to continue serving as city engineer and director of public works while he was city manager. This is borne out by the fact that defendant continued to receive his regular salary as city engineer and a much lesser salary as city manager—and no salary as director of public works. In fact, the combined salaries equalled the salary which Fitzgerald was receiving as city manager when he retired.

■■ We conclude that the trial court's decision must be affirmed. It seems clear that under the provisions of the Municipal Manager Act referred to above, the city council by resolution could have required defendant to continue as city engineer and director of public works as a condition to his holding the office of city manager. Thus, the common law doctrine of incompatibility of offices is superseded by the statutory authority of the Municipal Manager Act, which authorizes the city council as a condition of the city manager's appointment to require him to carry out the duties of other administrative offices. As we view this case, we are confronted with a mere irregularity—the failure of the governing body to adopt the appropriate form of resolution when defendant was appointed. To order that he must now give up two of the three offices mentioned is, as the trial judge stated in his opinion, "to sacrifice reality to form." It is obvious that the intention of the governing body was that defendant, as city manager, would continue to perform the duties of the other offices. The course of conduct followed by successive municipal councils and defendant since his appointment on March 1, 1957 supports it. The payment to him of the compensation for such services clearly indicates it. The mere fact that he has been performing the duties required for such

offices under separate job titles, as far as compensation is concerned, does not change the situation.

Affirmed.